KNOWLTON et al. v. CULVER et al.

1. ABATEMENT—PLEADING.—After overruling a demurrer to a declaration in replevin, a plea in abatement of the pendency of a former suit in replevin for the same property is bad, and cannot be allowed; and though the plaintiff take issue on the plea, yet that issue will be unavailing to the party interposing the plea.

2. SAME.—A plea in abatement must be verified by affidavit.

ERROR to the late District Court for *La Fayette* County.

This was an action of replevin, brought by the defendants in error against the plaintiffs in error, in a justice's court for the county of Iowa, for the recovery of a quantity of lead mineral. On the return day of the process the parties appeared, and the plaintiffs below declared for the wrongful taking and detention of the property mentioned in the process.

The defendants below demurred generally; but the justice, on argument, overruled the demurrer.

The defendants below then pleaded in abatement the pendency of another suit in replevin for the same cause of action in the county of Iowa. To this plea there was a replication taking issue on it. On the trial of this issue judgment was given by the justice in favor of the defendants below.

An appeal was taken to the district court of Iowa county; from which court it was removed, under the provisions of the statute, to the county of La Fayette, and was there tried before the district court, upon the same issue joined before the justice; and in that court judgment was rendered for the plaintiffs below.

To reverse that judgment the defendants sued out a writ of error.

*J. H. Knowlton*, for plaintiffs in error.

*Culver*, for defendants in error.

JACKSON, J. This was an action of replevin for twenty-five hundred pounds of lead ore, brought by the defendants

in error against the plaintiffs in error, before Thomas James, a justice of the peace in and for the county of Iowa. The writ of replevin was issued on the 9th, and made returnable on the 17th day of February, 1847 ; on which return day the writ having been served, the parties appeared, and the plaintiffs below (the defendants in error) declared verbally, " that the property described in the affidavit was wrongfully taken and wrongfully detained by the defendants, to their (the plaintiffs') damage, $50 ; " to which declaration the defendants below demurred generally, which demurrer was overruled by the justice. The defendants then pleaded in abatement the pendency of a former action of replevin, in the district court for the county of Iowa, for the unjust detention of " the same identical pile of mineral or lead ore " mentioned in the plaintiffs' declaration ; to which plea the plaintiffs filed their replication. On the issue thus formed, the cause came to be tried before the justice on the 22d day of March, 1848, when judgment was rendered in favor of the defendants below ; from which decision an appeal was taken to the district court for Iowa county, from which county it was removed by affidavit, under the statute, to the county of La Fayette, where, at the September term, 1847, the cause came on to be tried upon the issue joined upon the plea in abatement, and judgment was rendered in favor of the plaintiffs below ; to reverse which judgment a writ of error is brought to this court. There are several errors assigned to the instructions of the court in this cause ; but in looking into the record we are satisfied that it must be decided upon the pleadings, which are both irregular and defective.

After the overruling of the demurrer by the justice, it was clearly inadmissible to plead in abatement. In the next place, the plea in abatement was materially defective in not being verified by affidavit. Again, the plea in abatement is a departure from the writ. For these reasons the plea would have been held bad upon demurrer. But a replication was

filed to the plea, and an immaterial issue joined thereon. The instructions of the court, therefore, are not important to be considered, as the judgment could not be sustained if they were correct. The cause must be remanded to the circuit court, where a repleader can be awarded, and a trial had upon the merits.

Judgment reversed with costs.